UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:_____

JUAN LEONARDO RAUDEZ,
An Individual,

      Plaintiff,

vs.

THE VILLAGE OF BISCAYNE PARK,
a municipality of the State of Florida,
CHIEF RAIMUNDO ATESIANO, and
OFFICER GUILLERMO RAVELO,
Individually, and in their official capacity,

      Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN LEONARDO RAUDEZ, (Hereinafter, "RAUDEZ" and/or "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, THE VILLAGE OF BISCAYNE PARK, a municipality of the State of Florida, Defendant, POLICE CHIEF RAIMUNDO ATESIANO, and Defendant, POLICE OFFICER GUILLERMO RAVELO, Individually and in their official capacity, and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court exists by virtue of claims under 42 U.S.C.§ 1983 for violation of federal constitutional rights pursuant to 28 U.S.C.§ 1331 and § 1334(a)(3). This Court has original jurisdiction over this action as it presents a "Federal Question".

2. Venue is proper in this Honorable Court under 28 U.S.C.§ 1391(b), as the events

giving rise to the claims asserted herein occurred in Miami-Dade County, Florida.

3.     All conditions precedent to the maintenance of this action, including those set forth in Florida Statute § 768.28, have been performed, have occurred prior to its institution, or have been waived.

**PARTIES**

4.      At all times pertinent Plaintiff, JUAN LEONARDO RAUDEZ, was and is a resident of Miami-Dade County, Florida.

5.     At all times material hereto Defendant, THE VILLAGE OF BISCAYNE PARK, is a municipal corporation and provides, among other services, a Police Department, ("Village of Biscayne Park Police Department"), to protect its citizens, resident and the general public.  At all times relevant, THE VILLAGE employed the defendant police officers who are being sued herein by Plaintiff.

6.     At all times material hereto Defendant, RAIMUNDO ATESIANO, (Hereinafter, "ATESIANO") was an employee and the Chief of Police of the Village of Biscayne Park Police Department.  As the Police Chief, ATESIANO established a policy for the Village of Biscayne Park's Police Department.  Moreover, ATESIANO is/was responsible for the conduct of the Police Officers serving under his leadership and command, ensuring they obey the laws of the State of Florida and of the United States of America.  Defendant, ATESIANO, is being sued in his individual capacity.

7.     At all times material hereto, Defendant, GUILLERMO RAVELO, (Hereinafter, "RAVELO"), was a Police Officer and full-time employee of the Village of Biscayne Park's Police Department, acting under color of law.  Said officer, (RAVELO), is being sued in his

individual capacity.

8. The Defendants violated Plaintiff, JUAN LEONARDO RAUDEZ's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

9. At all times material hereto, and in the all their acts described herein, Defendants were acting under color of law, and color of their authority as public officials and public employees.

## GENERAL ALLEGATIONS

10. On or about January 2014, Plaintiff, JUAN LEONARDO RAUDEZ, (Hereinafter, "RAUDEZ" or "Plaintiff"), was a resident of the City of Miami, Miami-Dade County, Florida.

11. Defendant, THE VILLAGE OF BISCAYNE PARK, was required to hire and train law enforcement/police officers who were competent and law-abiding to protect citizens and not violate federally protected rights of persons they encountered.

12. Defendant, THE VILLAGE OF BISCAYNE PARK failed to hire competent, law-abiding police officers and supervise them to enforce the law without violation of federally protected rights of citizens.

13. On January 26, 2014, there was an alleged burglary of a dwelling and the theft of an Air Conditioning Unit ("A/C Unit"), from a property located at 1155 N.E. 119 Street, Biscayne Park, Florida and/or 1153 N.E. 119 Street, Village of Biscayne Park, Florida.

14. On January 26, 2014, Police Officer RAVELO, made a routine traffic stop of the Plaintiff, inside the Village of Biscayne Park's jurisdiction.  During what would normally otherwise be a routine traffic stop, Defendant, ATESIANO, acting as the Chief of Police for the VILLAGE OF BISCAYNE PARK, came to the scene where Plaintiff was the subject of said

routine traffic stop that was initiated by RAVELO.

15. Chief of Police, ATESIANO, alleged that Plaintiff confessed to the commission of an act of burglary of a dwelling and to the theft of an A/C Unit from a property located at 1155 N.E. 119 Street, Biscayne Park, Florida.

16. Plaintiff, RAUDEZ, is a Black male of African descent, and had a criminal record prior to the January 26, 2014, traffic stop and arrest that was effectuated by Defendants, RAVELO and ATESIANO. Plaintiff, RAUDEZ, fit the racial profile of people to be arrested pursuant to the Policy in effect by Defendant, ATESIANO, as Chief of Police .

17. Chief of Police ATESIANO alleged that Plaintiff, RAUDEZ, confessed to the unsolved burglary that occurred at 1155 N.E. 119 Street, in the Village of Biscayne Park.

18. Defendants, ATESIANO and RAVELO, did not audiotape, videotape, or otherwise record or memorialize RAUDEZ's alleged confession to the burglary of 1155 NE 119 Street, for which RAUDEZ was arrested.

19. Defendants, ATESIANO and RAVELO, signed affidavit(s) under oath that RAUDEZ did in fact confess to the burglary. RAUDEZ, facing years in jail/prison for a crime that he did not commit if he were to be convicted of the charge by a jury, resulted in RAUDEZ's agreeing to plead *nolo contendere* and thereafter, was sentenced and served nearly twenty-four (24) months of imprisonment, some of which time was spent in "The Box", a term used within the prison to refer to the policy where an inmate would serve part of his sentence in "solitary confinement"), to be followed by one year of probation. In addition, court costs were imposed on the Plaintiff.

20. Defendant, RAVELO, signed an affidavit for the arrest of the Plaintiff for the

alleged crime of burglary and of theft of an A/C Unit without "Probable Cause". Plaintiff was charged by the State of Florida/Office of the Miami-Dade County State Attorney, under Case Number F14-002202. However, the Court dismissed Count I, "Burglary of the Dwelling", because of insufficient information.

21. Plaintiff was involved a traffic stop for driving without a valid Florida Tag that ordinarily would simply result in the imposition of a monetary fine, but because of the criminal conviction in Case Number F14-002202, RAUDEZ 's probation officer filed a motion alleging that Plaintiff had violated the terms and conditions of his probation. As a result of that violation, the Court terminated Plaintiff's probation and caused Plaintiff to be incarcerated for about a period of twenty four (24) months.

22. Plaintiff, RAUDEZ, served the prison term for a crime he did not commit, and for which there was no "Probable Cause" to arrest him. RAUDEZ was released from prison on April 2018.

23. As a result of the Policy of Defendant, THE VILLAGE BISCAYNE PARK's Police Department, Plaintiff, RAUDEZ, spent almost two years in prison and lost almost two years of his life wrongfully incarcerated for a crime he did not commit.

24. Plaintiff, RAUDEZ, lost two years of time to spend with his child while he (Plaintiff) was incarcerated for a crime that he did not commit.

25. While in prison for a crime he did not commit, Plaintiff, RAUDEZ, suffered mental anguish, humiliation, pain and suffering and the loss of enjoyment of life, and was unable to earn a living.

26. Despite arresting Plaintiff, RAUDEZ, under false pretenses (without "Probable

Cause"), Defendant, ATESIANO, proudly pointed his Police Department's 100% burglary clearance rates in years 2013 and 2014 to the leaders of Defendant, VILLAGE OF BISCAYNE PARK, in order to demonstrate what an excellent job ATESIANO, as Police Chief, was doing so as to further advance and monetize his professional career while also enhancing the image of the VILLAGE OF BISCAYNE PARK as a "crime-free" place to live.

27. The Policy began to unravel shortly thereafter when police officer or police officers informed the Manager of Defendant, VILLAGE OF BISCAYNE PARK, about this Policy. The divulgence of this said information to the City Manager set off a chain of events that ultimately prompted an investigation by Internal Affairs. Internal Affairs' investigation would bring about Police Chief ATESIANO's resignation from office in mid 2014.

28. As a result of the police officer or police officers' informing Defendant, VILLAGE OF BISCAYNE PARK about the Policy put in place by Police Chief ATESIANO and that was executed by ATESIANO's underlings, Defendant, VILLAGE OF BISCAYNE PARK, knew or should have known that its employee police officers had violated RAUDEZ's Constitutional and Civil Rights which resulted in RAUDEZ's unconstitutional incarceration.

29. Despite being on notice of the Policy and what its police officers pursuant to said Policy had done to men of Color, particularly those of African descent, like Plaintiff RAUDEZ, Defendant, VILLAGE OF BISCAYNE PARK, made no effort to help free Plaintiff RAUDEZ from the illegal incarceration.

30. Defendants were part of a conspiracy to make false arrests to satisfy THE VILLAGE OF BISCAYNE PARK that crime was being eliminated. Plaintiff, RAUDEZ, did not know of this conspiracy nor had reason to know of the conspiracy to violate his Constitutional

and Civil Rights until the matter was fully investigated.

31.　On or about July 31, 2019, the Criminal Division of the Eleventh Judicial Circuit Court, in and for Miami-Dade County, entered an Order Vacating the Judgment And Sentence Based Upon Newly Discovered Evidence in both criminal/felony cases against Plaintiff, (Case No.: F14-1928 & Case No.: 14-002202), and thereby exonerating Plaintiff, RAUDEZ.  **(See, Comp. Exh. "1").**

32.　On June 07, 2018, an Indictment was filed against the VILLAGE OF BISCAYNE PARK's Chief of Police, RAIMUNDO ATESIANO, et al. **(See, Exh. "2" Indictment of Atesiano and others)**

33.　On April 05, 2018, an Indictment was filed against VILLAGE OF BISCAYNE PARK'S Police Officer, GUILLERMO RAVELO, **(See, Exh. "3" Indictment of Ravelo).**

34.　They (ATESIANO & RAVELO) were charged with conspiracy to violate the civil rights of various persons in which the United States of America laid out the case against Defendant, ATESIANO, and others, while charges against co-conspirator, RAVELO, were filed in a separate case.  Together, ATESIANO and RAVELO were charged for conspiring to deprive citizens of their Constitutional Rights under Color of Law.

35.　The indictment charged Police Chief, ATESIANO, since he caused the conspiracy and encouraged officers under his supervision and command to arrest civilians of Color and/or of African descent, including Plaintiff, without legal basis for such arrests, with the goal of creating a clear record of all burglaries within in the municipality of the Village of Biscayne Park.  Upon information and belief, Defendants, ATESIANO and underling, RAVELO, conspired to falsely arrest, and deprive Plaintiff, as well as others similarly situated, of their

Constitutional Rights under Color of Law for unsolved residential burglaries and other violations.  This Policy was devised, implemented, and executed with racial animus, evil intent and malice.

36. On July 26, 2018, a Superseding Indictment was filed charging Defendant, ATESIANO, with a broader conspiracy involving other people of African descent who were the victims of the conspiracy.  **(See, Exh. "5", "Superseding Indictment")**

37. Defendant, RAVELO, was indicted under Case No. 18-20255-CR-ALTONAGA, for crimes, including conspiracy against civil rights, and deprivation of rights under color of law.

38. On July 26, 2018, Defendant, RAVELO entered a GUILTY plea to these charges. **(See, Comp. Exh. "4", "Plea Agreement/Factual Proffer").**

39. Defendant, ATESIANO, was indicted under Case No.: 18-20479-CR-MOORE, for crimes, including conspiracy against civil rights, and deprivation of rights under color of law.

40. On September 14, 2018, Defendant, ATESIANO, entered a GUILTY plea to these charges. **(See, Comp. Exh. "6", "Plea Agreement/Factual Proffer").**

41. All of the VILLAGE OF BISCAYNE PARK's employees who were Defendants in the criminal indictments have been sentenced to prison and are/were incarcerated.

**COUNT I - MALICIOUS PROSECUTION 42 U.S.C. § 1983**
**(AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)**

42. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein pursuant to 42 U.S.C. § 1983.

43. The Defendant, THE VILLAGE OF BISCAYNE PARK, in furtherance of the policy of racial discrimination unlawfully and without probable cause instituted criminal

proceeding against Plaintiff.

44. The Arrest Affidavit charging Plaintiff was fraudulent and issued with malice and bad intent of the part of the Defendant.

45. The actions of the Defendant, THE VILLAGE OF BISCAYNE PARK, violated the Constitution of the United States of America and the right to be free from unreasonable illegal seizure which is violative of the Fourth Amendment and Fourteenth Amendment.

46. There was a bona fide termination of the criminal charges in favor of Plaintiff.

47. As a direct and proximate result of the foregoing acts the Defendant, Plaintiff has and will continue to suffer great mental anguish.

**WHEREFORE**, Plaintiff, **JUAN LEONARDO RAUDEZ,** prays for judgement against Defendant, **THE VILLAGE OF BISCAYNE PARK**, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings, and he further demands a trial by jury of all issues so triable.

### COUNT II - FALSE ARREST/IMPRISONMENT 42 U.S.C. § 1983
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

48. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein pursuant to 42 U.S.C. § 1983.

49. Defendant, VILLAGE OF BISCAYNE PARK, unlawfully and with malice arrested, and caused Plaintiff to be confined against his will without color authority. The detention was unreasonable and unwarranted under the circumstances and was committed with the intention to cause Plaintiff's confinement or with substantial certainty that his confinement would result.

50. The proceedings against Plaintiff were terminated in his favor and no probable cause justified the Defendant's act under color of law.

51. The false arrest by the Defendant was violative of the Constitution of the United States, and said seizure violates the right to be free from illegal seizures guaranteed by the Fourth Amendment as a clear restraint on Plaintiff's freedom of movement, the result of which was to cause Plaintiff to suffer great mental pain and anguish.

**WHEREFORE**, Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgment against Defendant, **VILLAGE OF BISCAYNE PARK**, for damages, including attorney's fees, prejudgment interest and all cost of these proceedings and demands a trial by jury of all issues so triable.

### COUNT III - ABUSE OF PROCESS 42 U.S.C. § 1983
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

52. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein pursuant to 42 U.S.C. § 1983.

53. Defendant, VILLAGE OF BISCAYNE PARK, willfully and intentionally misused the criminal legal process for some ulterior, and unlawful object or collateral purpose which was unwarranted and unauthorized.  Specifically, the Defendant misused the criminal legal process to issue excessive traffic violations, and issue false arrest affidavits to enhance the Village of Biscayne Park's clearance rate for unsolved burglaries.

62. Defendant's abuse of process is violative of the Constitution of the United States Of America and contrary to the protections embodied in the Fourth Amendment of Due Process.

63. As a direct and proximate result of the foregoing acts of the Defendant, the

Plaintiff has and will continue suffer great mental anguish.

**WHEREFORE**, Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgment against Defendant, **VILLAGE OF BISCAYNE PARK**, for damages, including attorney's fees, prejudgment interest and all cost of these proceedings and demands a trial by jury of all issues so triable.

### COUNT IV - VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

63. Plaintiff, RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 42 as though fully set forth herein pursuant to 42 U.S.C. § 1983.

71. This cause of action pursuant to 42 U.S.C. § 1983.

72. The Defendant, VILLAGE OF BISCAYNE PARK, through the actions of its Police Chief, ATESIANO, as the final decision-maker for the Police Department, and officers acting at his behest, violated, and deprived Plaintiff, RAUDEZ, of his constitutional rights. Specifically, Defendant, VILLAGE OF BISCAYNE PARK, violated Plaintiff's right to be free from illegal seizure, his right to be free from police harassment and intimidation as provided by the Constitution of the United States; and Plaintiff, RAUDEZ's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provided in the Fourth Amendment and Fourteenth Amendments to the Constitution of the United States of America.

73. As a direct and proximate result of the foregoing acts of the Defendant, Plaintiff has and will continue to suffer great mental anguish.

**WHEREFORE**, Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgment against Defendant, **VILLAGE OF BISCAYNE PARK**, for damages, including attorney's fees,

prejudgment interest and all cost of these proceedings and demands a trial by jury of all issues so triable.

### COUNT V- 42 U.S.C. § 1983 DUE PROCESS VIOLATION
### (AGAINST DEFENDANT ATESIANO)

74. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein pursuant to 42 U.S.C. § 1983.

75. This cause of action pursuant to 42 U.S.C. § 1983.

76. The Defendant, ATESIANO, was acting under the color of law in his individual capacity, he violated and deprived Plaintiff, RAUDEZ, of his constitutional rights. Specifically, Defendant ATESIANO violated Plaintiff's right to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided by the Constitution of the United States; and Plaintiff, RAUDEZ's right to be free from malicious prosecution, malicious abuse of process and unlawful seizures as provided in the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

77. The conduct of the Defendant in racial profiling and targeting Plaintiff is clearly reprehensible to a great degree.

78. The Defendant's conduct was motivated by evil intent, and/or callousness indifference towards the federally protected rights of the Plaintiff while acting under color of law.

79. Even more pernicious, Defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent and/or minority due to the policy of the Village.

80. The gross recklessness of Defendant's conduct should shock the conscience

of the Court and deference requires imposition of punitive damages.

81. In the manner described more fully above, Defendant, ATESIANO, in furtherance of the Policy, deliberately ordered police officers of the Defendant, THE VILLAGE OF BISCAYNE PARK to fabricate false arrest reports, affidavits, and other evidence of guilty against, Plaintiff, RAUDEZ, thereby misleading and misdirecting the criminal prosecution of RAUDEZ. Absent this egregious misconduct, the prosecution of RAUDEZ could not and would not have been pursued.

82. Defendant, ATESIANO's misconduct also directly resulted in the unjust criminal conviction through the coerced guilty plea of RAUDEZ, thereby denying RAUDEZ his constitutional right to a fair trial, and a fair appeal thereof, in violation of the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution.

83 As a direct and proximate result of the foregoing acts of the Defendant, ATESIANO, the Plaintiff has and will continue to suffer great mental, emotional distress, humiliation, emotional anguish, and loss of enjoyment of life as heretofore alleged.

84. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

**WHEREFORE,** Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgement against Defendant, **RAIMUNDO ATESIANO**, for damages, including attorney's fees, prejudgment interest, all cost of these proceedings, punitive damages as well as any other relief this Court deems proper and demands a trial by jury of all issues so triable.

### COUNT VI - 42 U.S.C. § 1983 AGAINST DEFENDANT RAVELO

85. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein pursuant to 42 U.S.C. § 1983.

86. This cause of action pursuant to 42 U.S.C. § 1983.

87. Defendant, RAVELO, was acting under the color of law in his individual capacity when he violated and deprived Plaintiff, RAUDEZ, of his constitutional rights. Specifically, Defendant violated Plaintiff's right to be free from illegal seizures, Plaintiff's right to be free from police harassment and intimidation as provided by the Constitution of the United States; and Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizures, as guaranteed under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

88. The conduct of Defendant in racial profiling and targeting Plaintiff is clearly reprehensible to a great degree.

89. Defendant's conduct was motivated by evil intent, and/or callousness indifference towards the federally protected rights of the Plaintiff while acting under color of law.

90. Even more pernicious, Defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent and/or minority due to the policy of the Village.

91. The gross recklessness of Defendant's conduct should shock the conscience of the Court and deference requires imposition of punitive damages.

92. As a direct and proximate result of the foregoing acts of Defendant, Plaintiff has and will continue to suffer great mental and emotional anguish, and loss of enjoyment of life as heretofore alleged.

93. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

**WHEREFORE,** Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgment against

Defendant, **GUILLERMO RAVELO**, for damages, including attorney's fees, prejudgment interest and all cost of these proceedings and demands a trial by jury of all issues so triable.

## VII - CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

94. Plaintiff , RAUDEZ, re-alleges and reaffirms each and every allegation contain in paragraph 1 through 41, as though fully set forth herein.

95. This is a cause of action pursuant to 42 U.S.C. § 1985.

96. Defendant, VILLAGE OF BISCAYNE PARK, through the actions of its employees, POLICE CHIEF ATESIANO, OFFICER RAVELO and others, engaged in a conspiracy to deprive Plaintiff, RAUDEZ of his constitutional rights.

97. Defendants engaged in overt acts in furtherance of their conspiracy by falsifying arrest affidavits to charge Plaintiff with burglary, theft and traffic violations that he did not commit.

98. Plaintiff was exonerated of the charges but nevertheless injured by the overt acts and concert of acts of Defendants.

99. Defendant VILLAGE OF BISCAYNE PARK had a custom and policy initiated by the Police Chief to falsify arrests to clear crime statistics in violation of Plaintiff's guaranteed Constitutional Rights.

100. Defendant engaged in a policy and practice of racial discrimination against persons of Color and of African descent, within the Village of Biscayne Park and said practices are pernicious to the Constitutional rights of the Plaintiff.

101. Defendant acted in agreement to commit illegal acts, based upon racial animus, and deprived the Plaintiff of his constitutional rights by falsifying arrest records and

evidence.

102.   The Police Officers, including Defendants, ATESIANO and RAVELO, have been indicted and pled guilty to federal crime as a result of their participation in the conspiracy of racial discrimination against people of African descent.

103.   As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has and will continue to suffer great mental anguish.

**WHEREFORE,** Plaintiff, **JUAN LEONARDO RAUDEZ**, prays for judgment against Defendants, **THE VILLAGE OF BISCAYNE PARK**, **CHIEF RAIMUNDO ATESIANO**, and **OFFICER GUILLERMO RAVELO** for damages, including attorney's fees, prejudgment interest and all cost of these proceedings and demands a trial by jury of all issues so triable.

### DEMAND FOR JURY TRIAL

Plaintiff, **JUAN LEONARDO RAUDEZ**, requests a trial by jury on all issues so triable as a matter of right.

Date:   May 12, 2020.

          James Jean-Francois,   /s/
JAMES JEAN-FRANCOIS, ESQ.
Fla. Bar. No.: 0495115
Law Offices of James Jean-Francois, P.A.
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
Hollywood,  FL   33024
Phone:        (954) 987-8832
Fax:           (954) 987-2622
e-address: (P):  *jamesjeanfrancoisesq@hotmail.com*
        (S): *jjonlaw@hotmail.com*