United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Leonardo Raudez, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22004-Civ-Scola |
| | ) |
| Village of Biscayne Park and | ) |
| others, Defendants. | ) |

### Order Dismissing Case

Previously, the Court granted Defendants Village of Biscayne Park, Police Chief Raimundo Atesiano, and Officer Guillermo Ravelo's motions to dismiss (ECF Nos. 25, 27, 28), dismissing as untimely all but Plaintiff Juan Leonardo Raudez's claims for malicious prosecution. (Order, ECF No. 47.) In its order, however, the Court noted, upon its own review, that Raudez had also failed to state claims against any of the Defendants for malicious prosecution. (*Id.* at 7.) In making that assessment, the Court afforded Raudez an opportunity to respond to the Court's order to show cause as to why his case should not be dismissed in its entirety. (*Id.* at 9–10.)  After receiving an extension, Raudez timely filed his response to the Court's order. (Pl.'s Resp., ECF No. 52.) After careful review, the Court finds Raudez's response lacking and dismisses his case in its entirety.

As the Court advised Raudez in its order, to properly alleged malicious prosecution, he must supply facts showing the affidavits supporting his criminal prosecution were constitutionally infirm in that either (1) the officer who submitted the affidavits should have known that the affidavits failed to establish probable cause or (2) an official involved in the legal process intentionally or recklessly made misstatements or omissions necessary to support the prosecution. *Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020). Raudez has not alleged such facts in his amended complaint nor has he proffered that he can allege such facts in a second amended complaint.

Throughout most of his response, Raudez simply describes, once again, the sequence of events that led to his traffic stop, his arrest, and resulting prosecution, guilty plea, and sentencing. In doing so, he acknowledges there was nothing improper about Ravelo's initial traffic stop: Raudez was driving a van, without its headlights on, at midnight. (Pl.'s Resp. ¶ 12.) Raudez also concedes Ravelo had probable cause to arrest him based on Raudez's initially providing Ravelo with false information and driving while his driver's license was suspended. (*Id.*) Raudez further sets forth that Ravelo "claims that Raudez made voluntary statements confessing to the theft of AC units that were in the

rear of the . . . van." (*Id.*) Tellingly, Raudez never alleges or even suggests he did not actually make these statements to Ravelo.

Instead, in trying ward off dismissal, Raudez points, first, to what he considers weaknesses in Ravelo's affidavit. For example, Raudez says that, in Ravelo's affidavit, the officer "is unable to connect the name and address of any owner of the [three] stolen AC units." (*Id.* ¶¶ 14, 16, 21.) Raudez also complains that the facts supporting the probable-cause determination for the three felony charges against him "were limited solely to Officer Ravelo's statements that Officer Ravelo personally wrote into the narrative of [the] [a]rrest [a]ffidavit." (*Id.* ¶ 15.) Raudez additionally highlights an interoffice memo from a supervisor at the Miami-Dade County State Attorney's Office reminding Ravelo "about the importance of accurately completing the back of the pink copy of the Arrest Form." (*Id.* ¶ 17.) Next, Raudez points out what he describes as other inconsistencies in the affidavit: Ravelo stated that all three AC units in the van were gray and stolen from someone named Larissa Garzon Garnett but Garnett herself only reported one missing AC unit and said that the unit "had 'pink' color on it." (*Id.* ¶ 21.) But none of these issues, either singly or taken together, demonstrate a lack of probable cause, especially when Raudez does not ever actually dispute pointedly telling Ravelo, "[T]here are three central A/C units in the rear of the van that are hot." (*Id.*)

Next, Raudez focuses on the Court's concern that he provided no factual support for his claim that to the extent his "plea of *nolo contendere* is deemed a confession, it was obtained through coercion and unconstitutional tactics . . . including the threat of the potential imposition of a much longer prison term." (Am. Compl., ECF No. 21, ¶ 30.) In an attempt to provide that missing support, Raudez highlights the following: Raudez "was forced to enter a plea where he would be required to serve a short period of time in jail" "[b]ecause [he] was facing an extended term of imprisonment"; his "plea decision was based on his belief that juries hold police officers in high esteem"; and he "feared backlash from a jury when it learned of his less than perfect past." (Pl.'s Resp. ¶ 22.) None of these allegations, however, comes anywhere close to supporting a claim for malicious prosecution against any of the Defendants.

Finally, Raudez once more recounts the details of the scheme, described more fully in the Court's earlier order, to which Atesiano and Ravelo ultimately pleaded guilty in federal court. (*Id.* ¶¶ 19–20, 24.) But, again, Raudez neglects to allege a single actual fact that would establish that the scheme was applied to him specifically. As the Court pointed out previously, while the charges against Atesiano and Ravelo, along with their eventual guilty pleas, no doubt taint every single arrest they made during the relevant period, that does not mean, in turn, that every single arrest they happen to have made during that

timeframe was necessarily unconstitutional or otherwise violative of state law. In short, all Raudez has done, again, is provide facts showing that, on the one hand, he was arrested based on a confession that he does not dispute making and, on the other, the arresting officer and his chief were simultaneously perpetrating a reprehensible scheme to artificially boost their solved-cases rate at the expense of innocent defendants who happened to have criminal records. In his response, Raudez continues to leave these parallel events wholly unconnected.

Nothing Raudez has presented in his response to the Court's order to show cause disturbs the Court's finding that Raudez failed to state a claim for malicious prosecution against any of the Defendants in his amended complaint. Further, Raudez has not proposed any new facts that he could incorporate into a second amended complaint that would sufficiently bolster his defective allegations to avoid dismissal.

Accordingly, the Court **dismisses** the remainder of Raudez's amended complaint (ECF No. 21), **with prejudice**, and directs the Clerk to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on November 24, 2020.

Robert N. Scola, Jr.
United States District Judge